**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JEAN CHARTE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN TUTOR, INC., et al., <br><br> Defendants. | CIVIL ACTION NO. 10-3318 (MLC) <br><br> **O P I N I O N** |

**THE RELATOR** in this qui tam action, Jean Charte, moves for, inter alia, an Order lifting the stay imposed in this action on November 17, 2010. (See dkt. entry no. 7-2, Charte Br. at 4; see also dkt. entry no. 6, 11-17-10 Order.)  Charte alleges that a defendant to this action, American Tutor, Inc., has brought an action against her and others in the New Jersey Superior Court, American Tutor, Inc. v. Charte, SOM-L-1575-08 ("State Court Action"). (Charte Br. at 1.)  She alleges that the State Court Action relates to this action, because it involves the same facts and substantially the same issues. (See id.)  She further alleges that the Office of the United States Attorney ("the Government") has failed to both timely investigate her claims and decide whether to intervene on her behalf, and that such failures prejudice her ability to proceed with this action. (See id. at 1, 4.)

**THE GOVERNMENT** asserts that it "has been diligently investigating [Charte's] allegations but has not yet completed its investigation, and thus . . . does not have sufficient information at this time to make an informed decision concerning intervention." (Dkt. entry no. 8, Opp'n Br. at 3.)  The Government fails, however, to explain: (1) how it has "diligently investigat[ed]" Charte's claims; (2) why, after more than two years, it has been unable to complete its investigation; and (3) what, if anything, currently prevents it from both completing its investigation and deciding whether to intervene in this action on Charte's behalf.[1]

**THE COURT** will thus, for good cause appearing, order the parties to show cause, through supplemental briefing, why the stay should not be lifted.  The Government, if responding to the Order

---

[1] The Court notes that Charte commenced this action over two years ago, on June 30, 2010.  The Government has thus already had more than twenty-five months to complete its investigation and decide whether to intervene in this action on Charte's behalf.

The Government has a duty to timely and diligently investigate all qui tam complaints.  See, e.g., United States v. Baker-Lockwood Mfg. Co., 138 F.2d 48, 53 (8th Cir. 1943).  A judicially imposed stay relating to such Government investigation will not, however, continue in perpetuity.  "If the government fails to intervene in a timely manner or fails to show good cause, then the court may unseal the file and allow the relator to prosecute the action." United States ex rel. O'Keefe v. McDonnell Douglas Corp., 902 F.Supp. 189, 192 (E.D. Mo. 1995).  The Government may in such circumstances still complete its investigation and intervene in the action at a later date.  See 31 U.S.C. § 3730(c)(3); United States ex rel. Bauchwitz v. Holloman, 671 F.Supp.2d 674, 684 (E.D. Pa. 2009); see also United States ex rel. Siller v. Becton, 21 F.3d 1339, 1344, n.4 (4th Cir. 1994).

to Show Cause, should address the points enumerated in the preceding paragraph in detail.

**CHARTE**, through the motion, also asks the Court to enter an Order: (1) consolidating this action and the State Court Action; and (2) barring application of res judicata, collateral estoppel, and the entire controversy doctrine.

**THE COURT** will deny the Motion insofar as Charte asks the Court to consolidate this action and the State Court Action.  The Court lacks the power to consolidate federal and state actions.  It also appears that the State Court Action was settled on July 2, 2012, insofar as it was raised against Charte.  See ACMS Public Access, http://njcourts.judiciary.state.nj.us/web1/ACMSPA/entry (after accepting the disclaimer and entering the system, click on the tab entitled "Locate by Docket", and search by Case County ("Somerset"), Docket Type ("Law"), Docket Number ("1575"), and Docket Year ("08"); then click on the hyperlink for "Case Disposition Detail")) (last visited Aug. 3, 2012).

**THE COURT** will also deny the Motion insofar as Charte asks the Court to preclude application of res judicata, collateral estoppel, and the entire controversy doctrine.  The Court will, however, deny that aspect of the Motion without prejudice.  Charte may move anew for such relief after the stay has been lifted, upon a new notice

of motion, filed in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules.

**THE COURT**, for good cause appearing, will enter an appropriate Order.

                                              s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Date:    August 3, 2012